BRETT J. WILLIAMSON (S.B. #145235)
bwilliamson@omm.com
DAVID P. DALKE (S.B. #218161)
ddalke@omm.com
MICHAEL L. MYERS (S.B. #240652)
mmyers@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA  92660-6429
Telephone:   (949) 760-9600
Facsimile:    (949) 823-6994

Attorneys for Plaintiff
FUTURELOGIC, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FUTURELOGIC, INC., | Case No. CV 10-7678-JFW (DTBx) |
| Plaintiff, | [~~REVISED~~] [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| v. | |
| NANOPTIX, INC, | [DISCOVERY MATTER] |
| Defendant. | |

WHEREAS, Plaintiff FutureLogic, Inc. ("FutureLogic") and Defendant Nanoptix, Inc. ("Nanoptix") believe that certain information encompassed by discovery demands made in this Action may constitute trade secrets or other confidential research, development and/or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable local rule of the Court; and

WHEREAS, each of the foregoing parties believes that it would serve its interest to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY ORDERED** that:

1.     This Protective Order shall apply to all information, documents and things subject to discovery in this Action, and believed by the producing party to contain trade secrets or other confidential research, development and/or commercial information within the meaning of Rule 26(c).  As used herein, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information are collectively referred to as "Confidential Material".  Confidential Material shall include all information, documents, and things constituting, referring or relating to the foregoing, including copies, summaries, or abstracts of the foregoing.

2.     This Protective Order shall be construed so as to prevent the specific harm that will occur from unauthorized disclosure of the parties' trade secrets or other confidential information.  By way of example, only, the unauthorized disclosure of research and development materials such as source code, technical specifications, schematics and flow charts, of methods of manufacture or of unpublished patent applications and related materials may reveal techniques, specialized skills and capabilities not commonly known in the industry.  The unauthorized disclosure of communications with manufacturers, suppliers, vendors and competitors, of license agreements or of other contracts may reveal privately negotiated, specialized commercial relationships between a party and other commercial entities.  The unauthorized disclosure of communications relating to customers or of detailed financial data may reveal the economic value of particular aspects of a disclosing party's business.  Similarly, the unauthorized disclosure of business planning, strategy, or marketing information such as product plans, pricing, and sales projections, competitive analyses and drafts of press releases, advertisements, and marketing materials may reveal a party's long-term commercial goals and commitment to commercial objectives not commonly known by others.  Such unauthorized disclosures may destroy the competitive advantage and /or economic value bestowed by such information.

3.     This Protective Order shall apply to a non-party who produces Confidential Material in the case to the same extent as it does to parties, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.  A party and a non-party will both be referred to herein as party or parties and a party or non-party who designated materials under the terms of this Protective Order is hereinafter referred to as the "Designating Party."  A non-party's designation of Confidential Materials under this Protective Order does not entitle that non-party access to any Designated Materials produced by another party in this Action.

4.     A party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" such Confidential Materials, whether in written, oral, electronic, graphic, audiovisual, or any other form, that are not publicly available and that the Designating Party in good faith believes contain:

(a) highly sensitive, non-public and confidential source code, firmware code or description of firmware attributes, firmware capabilities, firmware characteristics, firmware operation, lists of firmware versions correlative to hardware products, technical specifications, schematics, and flow charts concerning products (1) made, used, sold, offered for sale, or imported at the time of the filing of the lawsuit, or (2) under development at the time of the lawsuit or during the lawsuit for future manufacture, use, sale, or importation. The unauthorized disclosure of this material would undermine the value of the Designating Party's investment in its research and development efforts by revealing techniques, specialized skills and capabilities not commonly known in the industry;

(b) highly sensitive, non-public and confidential manufacturing information concerning (1) the identity of manufacturers, and/or (2) methods of manufacture.  The unauthorized disclosure of this material would reveal privately negotiated, specialized commercial relationships between a party and other commercial entities and thus, potentially harm those relationships and any

economic advantage that they provide.  Further, the unauthorized disclosure of this material would undermine the value of the Designating Party's investment in its research and development efforts by revealing techniques, specialized skills and capabilities not commonly known in the industry;

(c) highly sensitive, non-public and confidential financial statements and information concerning sales, costs, margins, and profits or loss.  The unauthorized disclosure of this material would reveal the financial details of a Designating Party's business thereby undermining the economic value of this information;

(d) unpublished patent applications, whether pending, abandoned, U.S., or non-U.S., and documents relating to the preparation or prosecution of such applications.  The unauthorized disclosure of this material would reveal innovative techniques, processes, methods and/or significant technological developments that bestow a competitive advantage and are not known by others.  Such unauthorized disclosure would jeopardize the economic value of these innovations and undermine the Designating Party's investment in them;

(e) highly sensitive, non-public and confidential intellectual property licenses.  The unauthorized disclosure of this material may reveal privately negotiated, specialized commercial relationships between a party and other commercial entities and thus, potentially harm those relationships and any economic advantage that they provide;

(f) non-public and confidential business planning, strategy, or marketing documents concerning product planning, development, pricing, customers, and sales projections.  The unauthorized disclosure this material may reveal a party's long-term commercial goals and commitment to commercial objectives not commonly known by others.  Such unauthorized disclosures may destroy the competitive advantage and /or economic value bestowed by such information;

(g) highly sensitive, non-public and confidential communications, memoranda, reports, or notes that discuss the foregoing categories of information.  The unauthorized disclosure of this material may destroy the competitive advantage and/or economic value bestowed by such information; and

(h) those other materials that have not been made public, that are not generally known, and which the Designating Party reasonably believes, in good faith, the disclosure of which is likely to cause harm to the competitive position of the Designating Party or a non-party holding proprietary rights thereto.

5.      A party may designate as "CONFIDENTIAL" those Confidential Materials, whether in written, oral, electronic, graphic, audiovisual, or any other form, that are not publicly available and that the producing party in good faith believes contains:

(a) highly sensitive, non-public and confidential source code, technical specifications, schematics, and flow charts of products made, used, sold, offered for sale, or imported before the filing of the lawsuit  but no longer made, used, sold, offered for sale or imported at the time of the lawsuit or during the lawsuit, provided that such information is not otherwise "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY".  The unauthorized disclosure of this material would undermine the value of the Designating Party's investment in its research and development efforts by revealing techniques, specialized skills and capabilities not commonly known in the industry;

(b) non-public internal communications concerning customers, competitors, suppliers, vendors, or other third parties that are not otherwise "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information. The unauthorized disclosure of this material may reveal a party's long-term commercial goals and commitment to commercial objectives not commonly

known by others.  Such unauthorized disclosures may destroy the competitive advantage and/or economic value bestowed by such information;

(c) non-public and confidential communications with customers, competitors, suppliers, vendors, or other third parties that are not otherwise "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information. The unauthorized disclosure of this material may reveal privately negotiated, specialized commercial relationships between a party and other commercial entities and thus, potentially harm those relationships and any economic advantage that they provide;

(d) non-public and confidential competitive analyses and drafts of press releases, advertisements, and marketing materials that are not otherwise "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information. The unauthorized disclosure this material may reveal a party's long-term commercial goals and commitment to commercial objectives not commonly known by others.  Such unauthorized disclosures may destroy the competitive advantage and/or economic value bestowed by such information;

(e) contracts that contain sensitive and confidential information that has not been publicly disclosed, and would not be publicly disclosed in the ordinary course of business, but that does not otherwise contain "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information.  The unauthorized disclosure of this material may reveal privately negotiated, specialized commercial relationships between a party and other commercial entities and thus, potentially harm those relationships and any economic advantage that they provide; and

(f) those other materials that have not been made public, that are not generally known, and which the Designating Party would normally not reveal to third-parties without requiring such third-parties to maintain such material in confidence.

6.      Nothing in this Protective Order shall preclude any party from disclosing or using, in any matter or for any purpose as is necessary for the defense or prosecution of this lawsuit, any information which: (i) is public knowledge; (ii) was lawfully in the party's possession or control prior to being designated as Confidential Material in this Action; (iii) was obtained from a third party having the apparent right to disclose such information without restriction or obligation of confidentiality; (iv) is lawfully discovered independently by the receiving party; or (v) is exempted from the provisions of this Protective Order by written consent of the Designating Party. Nothing in this Protective Order shall be deemed to prohibit discussions with any person of any Confidential Material if said person already has or obtains legitimate possession of that Confidential Material being discussed without restriction or obligation of confidentiality as to that Confidential Material for use within that discussion.

7.      The labeling or marking of a document or thing with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall be made when a copy of the document or thing is provided to the receiving party.  For documents, the applicable designation shall be placed on each page of such document containing Confidential Material.  For tangible items, the applicable designation shall be placed on the object or container thereof or, if impracticable, as otherwise agreed by the parties.  For declarations, written discovery responses, court filings or other pleadings, the applicable designation shall be placed on the face of such document.  Any such designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," in accordance with said written notification, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it

hereunder, it shall notify the Designating Party of that disclosure and make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation in respect to the Confidential Material disseminated. Confidential Material produced for inspection shall be inspected only by persons entitled to receive such Confidential Material pursuant to the terms of this Protective Order.  Between the time of inspection and the time of a receipt of any copy of any request Confidential Material, the information contained therein shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and shall not be disclosed or used except in accordance with the provisions of this Protective Order governing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" documents, testimony and information.

8.      In the case of deposition upon oral examination or written questions, pages or entire transcripts of testimony given at a deposition or hearing that concerns Confidential Material as defined herein, may be designated with the appropriate confidentiality designation according to Paragraphs 4 and 5 by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) calendar days after the receipt of the deposition transcript.  All deposition testimony shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the expiration of the thirty (30) calendar day period.  Any such designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," in accordance with said written notification, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure

that the recipient(s) maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation in respect to the Confidential Material disseminated.  Video or DVD versions of a deposition shall automatically have the same designations as the transcript of that deposition.

9.     In the absence of written permission from the Designating Party or an Order of this Court, no Confidential Material shall be shown, nor shall the contents or the substance thereof be disclosed to or discussed with, any person other than:

(a)     the United States District Court for the Central District of California and its officers, personnel and any court reporter retained to record proceedings before the Court;

(b)     outside counsel of record (including local and trial counsel), partners, associates, contract counsel and employees of counsel of record, including any member of the support staff assisting such counsel, regularly employed outside vendors performing support services in connection with this Action and independent legal translators retained by counsel of record to translate in connection with this Action, provided however, that no material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" of a party to this Protective Order shall be disclosed to, revealed to or used by, any patent attorney, patent agent, or like person engaged or employed by another party and involved in the prosecution, in any country, of patent applications relating to the technology or subject matter of the patent(s) at issue in this litigation, nor shall counsel of record as identified pursuant to this subparagraph guide or advise any such patent attorney, patent agent, or like person, in prosecuting such patent applications based on material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" subject to this Protective Order, nor shall counsel of record for a party as identified pursuant to this subparagraph be involved, for a period of twelve (12) months following the final termination of this Action, including all appeals, in the prosecution, in any

country, of patent applications relating to the technology or subject matter of the patent(s) at issue in this litigation on behalf of said party;

(c)    any non-party support services including but not limited to outside copying services, document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this Action;

(d)    witnesses during the course of a deposition or trial, provided that the witness is a current employee of the Designating Party, that the witness was an author or recipient of the document or that a proper foundation has been laid establishing that the witness was a recipient of the document or the information contained within it;

(e)    court reporters taking testimony involving such Confidential Material and their support personnel;

(f)    in the case of "CONFIDENTIAL" information, up to three (3) technical or business employees of the parties (and such person's immediate support and clerical staff), each on a need-to-know-basis only, provided that prior to disclosure of "CONFIDENTIAL" information to any such employee, each such employee shall indicate his or her agreement in writing to be bound by the terms of this Protective Order by executing the form of undertaking attached hereto as Exhibit A ("In-House Representative(s)"), the executed undertaking to be retained in the files of outside counsel to the party that designated the employee;

(g)    independent expert witnesses or consultants, and the employees of such independent experts or consultants who are assisting them, retained by a receiving party or its respective attorneys in connection with this Action (independent expert witnesses, consultants, and their employees are hereinafter

referred to collectively as "Experts") who have complied with the provisions of Paragraph 12, below;

(h)    any designated arbitrator or mediator who is assigned by the Court or agreed upon by the parties to hear this matter, and his or her staff, who has indicated his or her agreement in writing to be bound by the terms of this Protective Order by signing an undertaking as attached hereto as Exhibit A; and

(i)    any person to whom the Designating Party agrees to provide a copy.

Nothing herein shall preclude the receiving party's outside counsel of record from providing advice to its clients based on Confidential Material without disclosing the substance of the Confidential Material.  Further, notwithstanding anything in this paragraph to the contrary, Confidential Material may be disclosed and copies may be provided to: (i) persons who can be shown from the face of the document to have authored, prepared, reviewed, or received the document; (ii) any party who has been identified by the Designating Party as having been provided with the document or information by the Designating Party; and (iii) to any other persons with the prior authorization of the Court.

10.    Subject to Paragraph 4, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information produced by another party pursuant to this Protective Order shall be disclosed to only those persons listed in Paragraphs 9(a) – (e) and (g) – (i).  Notwithstanding these restrictions, if outside counsel for a party determines that it is necessary to discuss with his client's designated In-House Representative(s) documents or information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by a Designating Party, such outside counsel will first seek permission from the Designating Party.  The Designating Party will have five (5) business days from receipt of the written request in which to respond, and will not unreasonably withhold such permission.  If the Designating Party refuses to grant such permission, the outside counsel seeking to discuss such "HIGHLY CONFIDENTIAL –

11

OUTSIDE COUNSEL ONLY" documents or information with his client's designated In-House Representative(s) may file a motion concerning such documents or information with the Court pursuant to the provisions of Paragraph 18.

11.    Documents that have been produced prior to the entry of this Protective Order which have been designated "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO INTERIM CONFIDENTIALITY AGREEMENT," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or to similar effect, shall be deemed to be "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" for a period of thirty (30) days after the entry of this Protective Order.  Prior to the expiration of this thirty (30) day period, such documents may be designated in whole or in part as Confidential Material by providing written notice to the receiving party.

12.    Counsel desiring to disclose another party's Confidential Material to Experts referred to in Paragraphs 9(g) above shall first obtain a signed undertaking, in the form of Exhibit B attached hereto, from each such Expert, and such counsel shall retain in his/her files the original of each such signed undertaking.  At least seven (7) days prior to making such disclosure to an Expert, the person or party making such disclosure shall serve upon the Designating Party:

    a.    A copy of the signed undertaking by the Expert;

    b.    The identity of the Expert;

    c.    The identity of the present employer of the Expert;

    d.    A brief job history of the Expert for the past five (5) years, including an identification of all companies for which such person has consulted during that time; and

    e.    A list of all present or prior relationships between the Expert and the disclosing party, its subsidiaries or its affiliates.

If the Designating Party does not convey an objection to the proposed disclosure within five (5) business days of receipt of the written notification made pursuant to this paragraph, the Designating Party will be deemed to have waived objection to the

1   disclosure and its agreement will be assumed.  If within five (5) business days of

2   receipt of the written notification, the Designating Party gives written notification of its

3   objection to the disclosure to counsel desiring to make the disclosure, there shall be no

4   disclosure to the  Expert at issue until such objection is resolved.  This written

5   objection shall serve in lieu of the Local Rule 37–1 request letter, and shall state the

6   reasons why the Designating Party believes such Expert should not receive

7   Confidential Material.  Following the provision of such written objection, the parties

8   shall meet and confer within five (5) business days of the service of the written

9   objection and attempt in good faith to informally resolve the dispute.  If after the Local

10  Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute,

11  counsel for the party seeking to make the proposed disclosure must seek relief from the

12  Court pursuant to Local Rule 37.

13          Within five (5) business days of the parties' meet and confer, the party seeking

14  to make the proposed disclosures must provide its portion of the Joint Stipulation to the

15  Designating Party objecting to the disclosure, pursuant to Local Rules 37–2.1 and 37–

16  2.2.    Upon receipt of the disclosing party's portion of the Joint Stipulation, the

17  Designating Party shall provide its portion of the Joint Stipulation to the disclosing

18  party within seven (7) calendar days.  Once the disclosing party receives the

19  Designating Party's portion of the Joint Stipulation, the disclosing party shall have one

20  (1) business day to compile the final Joint Stipulation and provide it to the Designating

21  Party pursuant to Local Rule 37–2.2.  The parties will otherwise comply with Local

22  Rule 37 in resolving such objections. The proposed disclosure will be forbidden until

23  such time as the party seeking disclosure obtains a court order permitting such

24  disclosure.

25          The filing and pendency of any such motion pursuant to the terms of this

26  paragraph 12 shall not limit, delay or defer any disclosure of the Confidential Material

27  to persons as to whom no such objection has been made, nor shall it delay or defer any

28  other pending discovery unless the motion and the inability to disclose confidential

13

documents, testimony and information bear directly on the non-objecting party's ability to conduct such discovery.

13.     Confidential Material of another party shall not be made available to any person otherwise qualified to receive such information under the terms of this Protective Order until he or she shall have first received, read and agreed to be bound by this Order, unless otherwise specified in this Protective Order.  This provision does not apply to persons listed in Paragraphs 9(a) – (e) above.  These persons may receive Confidential Material of another party without first having received, read, and agreed to be bound by this Order.

14.     No copy of any transcript of or exhibit to any deposition which is designated, in part or in whole, as Confidential Material in accordance with Paragraph 8 shall be furnished by any court reporter to any person other than to (i) counsel of record and (ii) counsel for a third party, provided that the furnished transcript is the transcript of a deposition of said third party, its representative, agent or employee.  If any transcript or portions thereof designated as Confidential Material are to be filed with the Court, the transcript or relevant portions thereof shall be filed with the Court in accordance with Paragraph 15.

15.     To the extent that any Confidential Material subject to this Protective Order (or any pleading, motion or memorandum revealing any Confidential Material ) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Material, shall be filed in securely sealed envelopes or other securely sealed containers accompanied by an application to file papers – or confidential portions thereof – under seal (by the filing party) pursuant to the requirements of Local Rule 79-5.1 and marked "CONFIDENTIAL FILED UNDER SEAL Pursuant To Local Rule 79-5.1."  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  The designation of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL ONLY" does not automatically entitle a party to have such documents filed under seal.  Parties shall request to file under seal only the portions of such documents that contain Confidential Material and the Designating Party shall provide any supporting declarations or other documentation necessary to support the request to file Confidential Material under seal.  A party requesting to file a document under seal shall simultaneously submit a redacted version of such document for public filing.

16.    Nothing herein shall restrict any person who is qualified to receive Confidential Material from making working copies, abstracts, digests or analyses of said information for use in connection with this Action and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection as said information under the terms of this Protective Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this Action, provided that access to said information, in whatever form stored or reproduced, shall be limited to persons qualified to receive said information pursuant to this Protective Order.

17.    Nothing in this Protective Order shall require disclosure of material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity or any other applicable privilege or immunity.  This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

18.    The designation, production, or acceptance by a party of documents or things designated as Confidential Material shall not constitute an admission or concession, or permit an inference, that the material(s) are in fact Confidential Material properly the subject for protection under Fed. R. Civ. P. 26 (c) or on some other basis. Documents and things designated as Confidential Material shall be treated in accordance with the provisions of this Protective Order, except that any party may at

any time notify the other party(ies) to the Protective Order of its objection that a portion or all of the information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" is not entitled to protection under the terms of this Protective Order and may seek relief from the Court pursuant to Local Rule 37.  If a party, at any time, wishes to have the designation of any particular documents, testimony or information removed or changed, that party shall first request in writing that the Designating Party remove its designation and state the reason therefore.  Within ten (10) business days of the service of such request, counsel for the Designating Party seeking confidential treatment shall serve its response in writing to any such notification by either: (i) withdrawing such designation; or (ii) sending a Local Rule 37-1 meet and confer letter, explaining why the Designating Party believes the Confidential Material at issue is entitled to the designation.  If after the Local Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute, counsel for the Designating Party may comply with the procedures of Local Rule 37-2 (Joint Stipulation) to seek a ruling from the Court confirming the designation of Confidential Material in question.  Unless otherwise extended by consent of the parties, the Designating Party shall serve its portion of the Joint Stipulation on opposing counsel, pursuant to Local Rule 37-2, within seven (7) calendar days of the Local Rule 37-1 meet and confer conference.  The Designating Party shall have the burden of proving that such particular documents, testimony or information are properly designated as Confidential Material and entitled to the protections offered to such Confidential Material under this Protective Order.  A party shall not be obligated to challenge the propriety of a designation of Confidential Material pursuant to this procedure at the time the designation is initially made, and any failure to do so shall not preclude subsequent challenge.  Should any party seek an Order from the Court to determine whether specified information or categories of information are not properly designated as Confidential Material, the claimed designation shall remain operative and respected by all the parties and non-parties pending the Court's ruling.

19.     Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned; provided however, that the receiving party may move the Court for an Order compelling production of such information.

20.     In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify counsel for the party whose Confidential Material is at issue of all the pertinent facts, and make every effort to prevent further unauthorized disclosure and to retrieve all copies of the Confidential Material from the recipient(s) thereof and to secure the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

21.     The recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care.

22.     Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

23.     This Protective Order shall not prevent the parties from applying to the Court for relief herefrom, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modifications of this Protective Order.

24.     A party, attorney or any other persons who are allowed access to Confidential Material of another party shall use said Confidential Material solely for the purposes of this Action, subject to the provisions of this Protective Order and any further Order regarding confidentiality as the Court may enter.  Nothing in this Protective Order shall be construed to prevent counsel of record or other counsel participating in this litigation, and to whom material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" has been disclosed, from undertaking or continuing prosecution of a patent application relating to the technology or subject matter of the patent(s) at issue in this litigation once the litigation has been finally concluded for twelve months, provided that counsel does not make use of Confidential Material in such prosecution.

25.     In the event any person in receipt of Confidential Material shall receive a written request, subpoena, or Court Order seeking disclosure of Confidential Material designated by another party, such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the Designating Party of the request, subpoena, or Court Order, and shall provide counsel for the Designating Party with a copy of the same.  The Designating Party shall have the burden of defending against disclosure of its Confidential Material under such subpoenas, process or Court Order and the notifying party agrees to cooperate with the Designating Party in this regard.  Nothing in this section or in this Protective Order shall be construed as authorizing a party to withhold from production any documents or things otherwise responsive to a lawful subpoena issued in another action.

26.     This Protective Order only applies to information exchanged in discovery and other proceedings before the Magistrate Judge.

27.     Within sixty (60) days after the conclusion of this litigation, outside counsel for each receiving party or other individual subject to this Protective Order shall be under an obligation to assemble and return to the Designating Party, or to destroy (and certify the destruction), any Confidential Material subject to this Protective Order and all copies thereof.  Outside counsel for each party shall remind any Experts, consultants and others as appropriate of their obligation to destroy or return designated materials.  Notice of the return or destruction of any Confidential Material shall be made in writing, and notice of receipt thereof shall be acknowledged in writing.  Notwithstanding the foregoing provisions of this Paragraph, outside counsel shall be entitled to retain all memoranda or reports prepared by them or any Expert or consultant which contain Confidential Material and litigation documents containing Confidential Material or information which become part of the record of this action, including pleadings, briefs, deposition transcripts and exhibits, but such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the Designating Party or  as required by law be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Protective Order, during the course of this action.  Such archival copies remain subject to the terms of this Protective Order and the jurisdiction of this Court.

DATED:  April 18, 2011

UNITED STATES MAGISTRATE JUDGE

Presented by:

Case No. CV 10-7678-JFW (DTB)
STIPULATED PROTECTIVE ORDER

**WATSON ROUNDS**

By: _____/s/ Adam K. Yowell_____

Michael D. Rounds (S.B. # 133972)
Adam K. Yowell (S.B. # 273661)

**CISLO & THOMAS**
Daniel M. Cislo (S. B. # 125378)

Attorneys for Defendant,
NANOPTIX, INC.

**O'MELVENY & MYERS LLP**

By: _____/s/  Michael L. Myers_____

Brett J. Williamson (S.B. #145235)
David P. Dalke (S.B. #218161)
Michael L. Myers (S.B. #240652)

Attorneys for Plaintiff,
FUTURELOGIC, INC.

20

1  **EXHIBIT A**

2  **IN THE UNITED STATES DISTRICT COURT**
3  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
   **WESTERN DIVISION**

4

5  _____
                                            )
6                                           )   Case No. CV 10-7678-JFW (DTBx)
   FUTURELOGIC, INC.,                       )
7                                           )   **UNDERTAKING CONCERNING**
              Plaintiff,                    )   **RECEIPT OF CONFIDENTIAL**
8                                           )   **MATERIALS SUBJECT TO**
        v.                                  )   **PROTECTIVE ORDER**
9  NANOPTIX INC.,                           )
                                            )
10            Defendant.                    )
                                            )
11                                          )
   _____ )
12

13

14       I, _____ declare that:

15       1.  My present employer is _____ and the address

16  of my present employer is_____.

17       2.  My present occupation or job description is _____

18  _____

19  _____

20  _____.

21       3.  I have received and carefully read the Protective Order in this Action dated

22  February ___, 2011, and understand its provisions.  As a condition precedent to

23  receiving any Confidential Material, as such are defined in the Protective Order, I

24  agree to subject myself to the personal jurisdiction of this Court with respect to the

25  enforcement of the provisions of the attached Protective Order.  I understand that I am

26  obligated, under Order of the Court, to hold in confidence and not to disclose the

27  contents of any document or thing marked or later designated pursuant to the

28  Protective Order as Confidential Material to anyone other than those persons identified

21

in Paragraphs 9 and 10 of the Protective Order to the extent that such persons are qualified to review such information.  I further understand that I am not to disclose to persons other than those persons identified in Paragraphs 9 and 10 of the Protective Order any words, substances, summaries, abstracts or indices of Confidential Material or transcripts disclosed to me.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

4.  At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Material which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

5.  I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and may be subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the producing party.

6.  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on: _____

Name:_____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| _____ ) <br> ) <br> ) <br> FUTURELOGIC, INC., ) <br> ) <br>       Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> NANOPTIX INC., ) <br> ) <br>      Defendant. ) <br> ) <br> ) <br> _____ ) | Case No. CV 10-7678-JFW (DTBx) <br><br> **UNDERTAKING CONCERNING** <br> **RECEIPT OF CONFIDENTIAL** <br> **MATERIALS SUBJECT TO** <br> **PROTECTIVE ORDER** |

I, _____ declare that:

1.  My present residential address is _____

_____.

2.  My present employer is _____ and the address

of my present employer is _____.

3.  My present occupation or job description is _____

_____.

4.  I have received and carefully read the Protective Order in this Action dated

February ___, 2011, and understand its provisions.  As a condition precedent to

receiving any Confidential Material, as such are defined in the Protective Order, I

agree to subject myself to the personal jurisdiction of this Court with respect to the

enforcement of the provisions of the attached Protective Order.  I understand that I am

obligated, under Order of the Court, to hold in confidence and not to disclose the

contents of any document or thing marked or later designated pursuant to the

Protective Order as Confidential Material to anyone other than those persons identified

in Paragraphs 9 and 10 of the Protective Order to the extent that such persons are qualified to review such information.  I further understand that I am not to disclose to persons other than those persons identified in Paragraphs 9 and 10 of the Protective Order any words, substances, summaries, abstracts or indices of Confidential Material or transcripts disclosed to me.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5.  At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Material which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.  If retained as an Expert, as that term is defined in Paragraph 9(b) of the Protective Order, I further agree not to provide for a period of three (3) years from the date of this undertaking any services to the party (or any affiliate thereof) employing me if said services relate in any way to the prosecution of any patent application or the development of any product.

7.  I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and may be subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

8.  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on:_____Name:_____